Name of Debtor:  **CREECH, Raymond Dwain**          Case No. **16-52820 HLB**
                 **CREECH, Alyson Lynn**

FIRST AMENDED MOTION TO MODIFY AND MODIFIED CHAPTER 13 PLAN

**Motion to modify:**

The Debtor(s) respectfully request that the Court modify the Chapter 13 plan as follows:

With respect to the monthly payments of **$1,071.00 for 14 months; $16,071.00 for 1 month; $500.00 for 8 months; $3,470.00 for 12 months; $4,165.00 per month thereafter**:

**_X_** Plan payments to be modified to: **$1,572.50 for 2 months; $3,145.00 for 2 months; $0.00 for 1 month; $3,145.00 for 1 month; $6,290.00 for 1 month; $3,145.00 for 2 months; $3,193.00 for 1 month; $0.00 for 2 months; $1,713.00 for 1 month; $0.00 for 1 month; $1,000.00 for 1 month; $500.00 for 1 month; $0.00 for 1 month; $500.00 for 3 months; $0.00 for 1 month; $500.00 for 2 months; $0.00 for 1 month; $3,470.00 for 4 months; $0.00 for 1 month; $3,470.00 for 3 months; $0.00 for 6 months; $2,300.00 for 17 months; $75,700.00 for 1 month; $2,300.00 for 4 months**

___ With respect to the plan term of _____ be changed to _____

___ With regard to secured claims: _____

___ With regard to unsecured priority claims: _____

___ With regard to unsecured claims: _____

___ With regard to section 2.12 the unsecured percentage of _____

___ Change to **Percent Plan.**   Class 7 claimants will receive no less than __% of their allowed claims through this plan.

___ Change to **Pot Plan.**   Class 7 claimants are expected to receive __% of their allowed claims through this plan.

**Additional provisions: Debtors shall sell or refinance real property by May 2021 in order to pay off or pay down the balance owed on their Chapter 13 Bankruptcy Plan.   Upon the sale or refinance of Debtors' real property the Trustee shall submit a demand into escrow and shall be the disbursing agent on all pre-petition obligations.**

**Debtor(s)' reason(s) for requesting the above modification are:**

**Debtors have had higher than anticipated expenses, including an increase in their mortgage payments. Debtors are expecting to refinance their home in the next 12-18 months in order to pay off or pay down their Chapter 13 Plan and expect they will be able to meet payments provided for herein.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Name of Debtor: **Raymond Dwain Creech**
**Alyson Lynn Creech**

Case No. **16-52820 HLB**

## FIRST AMENDED MODIFIED CHAPTER 13 PLAN

### Section 1. Plan Payments and Plan Duration

**1.01** **Plan payments.** To complete this plan, Debtor shall:

    **a.** Pay to Trustee **$1,572.50** per month for **2** months from the following sources: (describe, such as wages, rental income, etc.): **Employment Income and Social Security Income**
Debtor shall after **2** months, increase the monthly payment to **$3,145.00** for **2** months.

    **b.** In addition to the foregoing monthly payments, pay to Trustee **$0.00 for 1 month; $3,145.00 for 1 month; $6,290.00 for 1 month; $3,145.00 for 2 months; $3,193.00 for 1 month; $0.00 for 2 months; $1,713.00 for 1 month; $0.00 for 1 month; $1,000.00 for 1 month; $500.00 for 1 month; $0.00 for 1 month; $500.00 for 3 months; $0.00 for 1 month; $500.00 for 2 months; $0.00 for 1 month; $3,470.00 for 4 months; $0.00 for 1 month; $3,470.00 for 3 months; $0.00 for 6 months; $2,300.00 for 17 months; $75,700.00 for 1 month; $2,300.00 for 4 months** from the following sources on the dates indicated:

    Date(s): **February, 2017**
    Source(s): **Employment Income, Social Security Income and sale or refinance of real property.**
**Debtors shall sell or refinance real property by May, 2021 in order to pay off or pay down the balance owed on their Chapter 13 Bankruptcy Plan. Upon the sale or refinance of Debtors' real property the Trustee shall submit a demand into escrow and shall be the disbursing agent on all pre-petition obligations.**

    **c.** The monthly plan payments will continue for **60** months unless all allowed unsecured claims are fully paid within a shorter period of time. This plan cannot propose monthly payments beyond 60 months.

### Section 2. Claims and Expenses

**2.01.** With the exception of any post-petition direct payments to be made by Debtor, the payments required by Sections 2.04, 2.05, 2.07, 2.08, 2.10 and 3.01 will not be made pursuant to this plan unless a timely proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**2.02.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's order on a claim objection, valuation motion, lien avoidance motion, or adversary proceeding judgment affects the amount or classification of a claim.

**2.03.** Trustee's fees shall be paid pursuant to 28 U.S.C. §586(e). Compensation due a former chapter 7 trustee shall be paid pursuant to 11 U.S.C. §1326(b)(3)(B). Debtor's attorney of record was paid **$0.00** before the Chapter 13 case was filed. By separate order or in accordance with applicable Guidelines, after confirmation, debtor's attorney shall be paid additional fees of **$6,300.00** through this plan at the rate of **$860.00** per month until paid in full.

**Secured Claims**

**2.04.** **Class 1: All delinquent secured claims that are not modified by this plan.** Class 1 claims are delinquent and other than the curing of any arrears, are not modified by this plan. Debtor or a third party (____) shall directly make all post-petition payments on Class 1 claims.

    **a. Cure of arrears.** Trustee shall pay in full all allowed pre-petition arrears on Class 1 claims.

    **b. Application of payments.** The arrearage payment may include interest. If the provision for interest is left blank, interest will not accrue. The arrearage payment must be applied to the arrears. If this plan provides for interest on arrears, the arrearage payment shall be applied first to such interest, then to arrears.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears (0% unless otherwise stated) | Fixed Arrearage Payment | Payment Start Date (Start date will be a specific month during the plan) |
|---|---|---|---|---|
| | | | | |

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears (0% unless otherwise stated) | Fixed Arrearage Payment | Payment Start Date (Start date will be a specific month during the plan) |
|---|---|---|---|---|
| 1. IndyMac Bank/OneWest Bank 6400 Vineyard Estate Dr. Hollister, CA | $98,415.16 | 0.00% | $100.00 | September 2017 |

2.05. **Class 2: All secured claims that are modified by this plan.**

    a. **Payment of claim.** Trustee shall satisfy each Class 2 claim by paying the amount specified below as the monthly payment. Subject to Section 2.05(c), Class 2 claims will be paid in full. The payment of a Class 2 claim shall not include interest unless otherwise specified. If Debtor does not intend to satisfy a Class 2 claim by periodic payments, Debtor shall check this box ☐ and provide for this claim in Additional Provisions.

    b. **Adequate protection payments.** Before confirmation, Trustee shall pay each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by 11 U.S.C. §1326(a)(1)(C). As required by 11 U.S.C. §1325(a)(5)(B)(iii), equal monthly payments must be no less than the adequate protection payment.

    c. **Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. If applicable bankruptcy law authorizes a debtor to reduce a secured claim, Debtor may reduce the claim to the value of the collateral securing it by filing, serving, and prevailing on a motion or adversary proceeding to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of collateral, Debtor shall file this motion or adversary proceeding and have it decided before plan confirmation.

    d. **Lien retention.** Each Class 2 creditor shall retain its existing lien as permitted under applicable bankruptcy law.

| Class 2 Creditor's Name/Collateral Description (No Reduction in Collateral Value) | Purchase Money Interest - Personal Property? Y/N | Estimated Amount of Claim | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

| Class 2 Creditor's Name/Collateral Description (Reduction in Collateral Value) | Reduced Value of Collateral | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|
| 1. Deere & Company 6400 Vineyard Estate Dr. Hollister, CA | 0.00 | 0.00% | 0.00 |
| 2. Greater Cal Fin Svcs 6400 Vineyard Estate Dr. Hollister, CA | 0.00 | 0.00% | 0.00 |

2.06. **Class 3: All secured claims for which the collateral is being surrendered.** Upon confirmation of this plan, the automatic stay is modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

| Class 3 Creditor's Name | Collateral to be Surrendered |
|---|---|
| -NONE- | |

2.07. **Class 4: All other non-delinquent secured claims.** Class 4 claims are not delinquent and are not modified by this plan. Debtor or a third party (____) shall directly make all post-petition payments on Class 4 claims.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment |
|---|---|
| -NONE- | |

    2.08. The deed of trust with _____ ("Creditor") encumbers real property located at _____, securing a loan that is the subject of a loan modification application (the "Application"). The monthly payment listed below represents the projected payment under the Application, and may not be the payment when the Application is approved or denied. Notwithstanding Section 2.04, and except as otherwise provided in this plan, Trustee will not pay any pre-petition

arrears claimed by Creditor while the Application is proposed or pending.

    **a.**    If Creditor approves the Application, the monthly payment Debtor shall directly make will be the amount approved by Creditor.

    **b.**    If the approved Application changes the amount of arrears that otherwise would be paid under Section 2.04, alters any plan payment to be made to Trustee, or adversely affects the amount to be paid to claimants in Section 2.12, Debtor shall file an amended plan reflecting such changes within 14 days of receipt of written notification of approval of the Application.

    **c.**    If Creditor denies the Application, Debtor shall, within 14 days of receipt of written notification of denial of the Application, file an amended plan providing for appropriate treatment of pre-petition and post-petition arrears or surrender of the property.

    **d.**    If Debtor fails timely to file an amended plan, Debtor shall be deemed to be in material default under this plan and the remedies described in Section 4.02 shall be available to Trustee or Creditor.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Monthly Modification Installment |
|---|---|---|
| **-NONE-** | | |

**2.09.**    Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan, and Trustee shall not make any disbursements on such claims. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay as to that claim holder.

**Unsecured Claims**

**2.10.**    **Class 5: Unsecured claims entitled to priority pursuant to 11 U.S.C. §507.** Trustee shall pay in full Class 5 claims, whether or not listed below, unless a claim holder agrees to accept less or 11 U.S.C. §1322(a)(4) is applicable. If 11 U.S.C. §1322(a)(4) applies, the claim holder and the treatment of the claim shall be specified in the Additional Provisions. Notwithstanding any other provision in this plan, Debtor shall directly pay all domestic support obligations and all loan payments to a retirement or thrift savings plan that are due and payable post-petition, regardless of whether this plan is confirmed or a proof of claim is filed.

| | Class 5 Creditor's Name | Type of Priority | Estimated Claim Amount |
|---|---|---|---|
| 1. | Franchise Tax Board | Taxes and certain other debts | $902.34 |
| 2. | Internal Revenue Service | Taxes and certain other debts | $10,505.22 |

**2.11.**    **Class 6: Designated unsecured claims that will be paid in full even though all other nonpriority unsecured claims may not be paid in full.**

| Class 6 Creditor's Name | Reason for Special Treatment | Estimated Claim Amount |
|---|---|---|
| **-NONE-** | | |

**2.12.**    **Class 7: All other unsecured claims.** These claims, including the unsecured portion of secured recourse claims not entitled to priority, total approximately **$26,608.22**. The funds remaining after disbursements have been made to pay all administrative expense claims and other creditors provided for in this plan are to be distributed on a pro-rata basis to Class 7 claimants.
[select one of the following options:]
    __X__  **Percent Plan.** Class 7 claimants will receive no less than **100.00%** of their allowed claims through this plan.

    _____  **Pot Plan.** Class 7 claimants are expected to receive ____% of their allowed claims through this plan.

## Section 3. Executory Contracts and Unexpired Leases

**3.01.**    Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall directly make all post-petition payments to the other party to the executory contract or unexpired lease. Unless a different treatment is required by 11 U.S.C. §365(b)(1) and is set out in the Additional Provisions, Trustee shall pay in full all pre-petition defaults

| Name of Other Party to Executory Contract Unexpired Lease | Description of Contract/Lease | Regular Monthly Payment | Pre-petition Default | Monthly Cure Payment |
|---|---|---|---|---|
| -NONE- | | | | |

**3.02.** Any executory contract or unexpired lease not listed in the table above is rejected. A proof of claim for any rejection damages shall be filed by the later of the claims bar date or thirty days after confirmation of this plan. Upon confirmation of this plan, the automatic stay is modified to allow the nondebtor party to a rejected, unexpired lease to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor in the event of a default under applicable law or contract.

### Section 4. Miscellaneous Provisions

**4.01.** **Vesting of property.** Property of the estate will revest in Debtor upon confirmation.

If Debtor does not want the property to revest, Debtor must check the following box: ☐ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate, insure any estate property or make any of Debtor's ongoing, regular post-petition debt payments with the exception of monthly cure payments otherwise required by this plan. Upon completion of this plan, all property shall revest in Debtor.

Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

**4.02.** **Remedies upon default.** If Debtor defaults under this plan or does not complete this plan within 60 months, Trustee, or any other party in interest may request appropriate relief pursuant to Local Bankruptcy Rules. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If the court terminates the automatic stay to permit a Class 1 or 2 secured claim holder or a party to an executory contract or unexpired lease to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim, executory contract or unexpired lease claim, and any portion of such secured claim not previously satisfied under this plan shall be treated as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral for which Debtor has personal liability shall be treated as a Class 7 claim subject to the timely filing of a proof of claim.

**4.03 Impermissible Provisions.** Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable as a matter of law in a Chapter 13 case under 11 U.S.C. §1328.

## Section 5. Additional Provisions

This plan is the court's standard plan form. Other than to insert text into designated spaces, expand tables to include additional claims, or change the title to indicate the date of the plan or that the plan is a modified plan, the preprinted text of this form has not been altered. If there is an alteration, it will be given no effect. The signatures below are certifications that the standard plan form has not been altered.

Despite the foregoing, as long as consistent with the Bankruptcy Code, the Debtor may propose additional provisions that modify the preprinted text. All additional provisions shall be on a separate piece of paper appended at the end of this plan. Each additional provision shall be identified by a section number beginning with section 5.01and indicate which section(s) of the standard plan form have been modified or affected.

Additional Provisions  **[choose one]** are ✓  are not ☐ appended to this plan.

| | | |
|---|---|---|
| **Dated:** | **January 15, 2020** | **/s/ Raymond Dwain Creech** |
| | | **Raymond Dwain Creech** |
| | | Debtor |
| **Dated:** | **January 15, 2020** | **/s/ Alyson Lynn Creech** |
| | | **Alyson Lynn Creech** |
| | | Debtor |
| **Dated:** | **January 15, 2020** | **/s/ Jason Vogelpohl** |
| | | **Jason Vogelpohl 252407** |
| | | Debtor's Attorney |

## Section 5. Additional Provisions

**Mr. Creech shall provide the Trustee with a declaration signed under penalty of perjury each July and January 15th, starting with July 15, 2017 which states whether Mr. Creech is employed and if so, the name and address of the employer, the gross monthly income from the employment, and the declaration shall have attached to it a copy of the most recent pay advice from the new employer.**